OPINION of the Court, by
Judge Logan.
This is an action of slander, for words charging the defendant,; with fdomj. The words were spoken in part before a justice of the peace, on the application for a. warrant to arrest the defendant on said charge. '
Upon the trial, Bunton, the defendant in that court, by his counsel, moved the court to exclude any evidence, which went to detail statements made to the justice in ré-lation.to the charge, at the time of the application for the warrant.
And also'moved for instructions to the jury, that ifthey: were of opinion from the evidence, that the words spoken, before the justice,were spoken in the course of the applica-tiqn for a warrant to prosecute with good faith the plaintiff, and not for the purpose of slandering him, the defendant was not liable to the action for words thus spoken.
Each of these motions the court overruled. To which opinions the defendant below filed exceptions, and assigns for error the said opinions of the court.,
The first exception relates to the competency o_f the; testimony only. The evidence was clearly admissible. Without admitting it, the words spoken, the manner of speaking them, whether in the course of the prosecution • befoi-e the justice, or maliciously spoken, could not be known : and as the defendant seems to have spoken them at different times, and in a manner not free from the imputation of malice, the git and essence of slander, it formed the proper subject for the consideration of the jury; and the court -therefore properly overruled the motion.
The second, application, however, was of a different character ; it called on the court for instructions upon a question of law, whether words are actionable, if spoken before a magistrate in the course of a prosecution for felony, or as preparatory thereto ? It was the province of the jury to decide upon the fact, whether the words were so spoken or not; but it was the duty of tlje court to determine whether, if thus spoken, the law held the speaker of them liable to this action.
Malice is the git of the action. But malice is not within the implication of law, in a prosecution in felony, which can only be instituted upon the information or words of some one. If an action would lie for words *39 littered before a justice, when applied to in good faith for a warrant to apprehend the felon, the culprit might escape for want of prosecution : for but few would subject themselves to the action of slander, by endeavoring to bring to .justice offenders — See 6 Bac. Abr. 226, title Slander. And Oh the other hand, a mere pretence under the cloak of a prosecution, to obtain the greater latitude for defamation free from responsibility, must be guarded against. This must rest much upon the sound discretion of the jury, who are the triers of the evidence and the fact, under the direction and instructions of the court upon the law of the case.
It is deemed unnecessary to examine the point made in the third exception. The judgment of the circuit must be reversed upon the second question made, with costs, and the cause remanded for a néw trial. •