CASE 71—INDICTMENT—DECEMBER 14.

| 98   437|
| 113   388|

# Smith v. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT, CRIMINAL DIVISION.

1. LIBEL—MALICE.—To publish of and concerning a public officer libelous words with the knowledge that they are false and libel-ous, and for the sole purpose of injuring and scandalizing the officer, is conclusively malicious, and the jury being told in a criminal prosecution for libel that they must believe the publica-tion was so made in order to convict, it was not necessary to use the word "malice" in the instruction. Had the publication been within the limits of fair criticism the court might properly have determined the occasion to be one of qualified or *prima facie* privilege, and in that event to have deprived the publisher of his privilege it must have been shown that he acted with malice.

2. SAME—INSTRUCTIONS TO JURY.—The court did not err in failing to instruct the jury in terms that if they had a reasonable doubt as to the truthfulness of the publication the verdict should be for the defendant, as this was the purport of the instructions when taken together.

3. REVERSIBLE ERRORS—VERDICT REACHED BY LOT.—This court has no revisory power over the action of the lower court in a crim-inal case in refusing a new trial asked upon the ground that the verdict was arrived at by lot.

H. T. WILSON FOR APPELLANT.

1. There can be no libel in the absence of malice, and the court erred in failing to so instruct the jury. (Stewart v. Hall, 93 Ky., 380.)

2. The court erred in failing to instruct the jury that if they had a reasonable doubt as to the truthfulness of the facts published they must find defendant not guilty. (39 Central Law Journal, 363; State v. Bush, 122 Ind., 42.)

3. The judgment should be reversed because the verdict was found by lot and not by a fair expression of the jurors' minds.

    The case of Pad. & Eliz. R. Co. v. Commonwealth, 80 Ky., 147, holding that there can be a reversal for such an error was right, and the subsequent case of Redmon v. Commonwealth, 82 Ky., 335, overruling that case was wrong.

WM. J. HENDRICK, Attorney-General, and FAIRLEIGH & STRAUS for Appellee.

1. The affidavits of jurors can not be considered by the court or received as testimony as to what occurred in the jury-room in arriving at a verdict except for the purpose of ascertaining whether or not the verdict was obtained by lot. (Johnson v. Davenport, 3 J. J. Mar., 393; Commonwealth v. Cain, 1 B. Mon., 213; Commonwealth v. Skegg, 3 Bush, 19; Heath v. Conway, 1 Bibb, 398; Taylor v. George, Hardin, 588; Lucas v. Commonwealth, 13 Bush, 550; Steele v. Logan, 3 A. K. Mar., 394; Redmon v. Commonwealth, 82 Ky., 335.)

2. The verdict in this case, as disclosed by the affidavits of the jurors, is not a verdict by lot, but is what is called and known in the law books as a "quotient" verdict. (Thompson & Merriam on Juries, chapter 20, sec. 409, p. 509.) And a verdict arrived at in this way ought not to be disturbed unless a majority of the jurors have been entrapped or tricked by other members of the jury into bringing in, under an agreement of this kind, an excessive verdict.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant was convicted of libel and his punishment fixed at a fine of $877.50.

The grounds of his complaint here are: First, that the term "malice" was not used in instructing the jury; second, that the jury ought to have been told that if they had a reasonable doubt as to the truthfulness of the publication the verdict should have been for the defendant; and third, that the verdict of the jury was arrived at by lot.

In support of his first complaint the case of Stewart v. Hall, &c., 83 Ky., 380, is cited, where it was said that "the essence of libel is malice." But it was further said in that case: "If the language is actionable, then the publication is presumed to have been malicious, unless the occasion rendered it *prima facie* privileged. If so, then the legal effect of privilege is to rebut the legal inference of malice arising from the words, and the burden of proving malice in fact, or

express malice, is then upon the plaintiff, and this is not.
shown by the mere falsity of the publication in the absence
of evidence that the publisher knew it to be false." Here·
the instruction is that if the jury believe from the evidence,
to the exclusion of a reasonable doubt, that the accused did
unlawfully publish in his newspaper, of and concerning Ben
Johnson, certain libelous and defamatory matter (setting it
out in full), wherein said Johnson was presented to the pub-
lic as a felon, a violator of the law, and as being a degraded
and unworthy man and official, and was held up to ridicule
and contempt, and "that each and every word of said arti-
cles, and their legitimate inference to be drawn from the
language used by the defendant in the same, is false and
libelous and was so known to be false. and libelous.
when published by the defendant, and was written
and published by him solely and for the purpose of bringing
the said Johnson into great contempt, scandal, infamy and
disgrace, and to bring the administration of his office of Col-
lector of Internal Revenue for the Fifth District of Ken-
tucky into disrepute, to the great scandal and reproach of
the administration of his office, and for the purpose of in·
juring, scandalizing and vilifying the name, credit and repu-
tation of said Johnson as a citizen and a man as well as an
official, and to render him odious to the good people of the
State," then the jury will find the defendant guilty, etc.

Manifestly the "occasion" of the publication, and the pur-
pose of it as set out in the instruction, go far beyond the
question of "privilege," as known to the law on this subject.

Certainly to publish of and concerning any official false, de-
famatory and libelous words importing a felony and dis-
graceful and infamous practices, and known to be false and
libelous by the publisher, and published by him for the sole
purpose of injuring, scandalizing and vilifying the officer is

conclusively malicious in fact as matter of law; and the jury were told that they must believe the publication was so made before they could find the accused guilty. Had the publication been within the limits of fair criticism, however severe in terms it might have appeared, the court might properly have determined the occasion to be one of qualified or *prima facie* privilege. In this event, to deprive the publisher of his privilege, it must have been shown that he acted with some indirect or wrong motive—in other words, with malice. As the case is put in the instruction the use of this term was wholly unnecessary.

In subsequent instructions the jury were told that if they believed the statements of the publication to be true they must find defendant not guilty, and that the law presumes the innocence of the accused; and it was the duty of the jury, if they could reasonably do so, to reconcile all the facts and circumstances of the case with that presumption, and if they entertained a reasonable doubt of his guilt, or of any material fact necessary to constitute his guilt, they should acquit. These instructions, in connection with the first one, requiring the facts therein named to be established beyond a reasonable doubt, sufficiently meet the second contention of the appellant. If the jury had entertained a doubt of the truth of the published statements, or been inclined to believe the publication to be true, they must have given the accused the benefit of it and found him not guilty. This was the purport of the instructions taken together.

It appears that the amount of the fine was ascertained by a division of the sum of all the estimates of the jurymen by twelve, and this is made to appear to the trial judge by the affidavits of two jurors. There is no contention that the *guilt* of the accused was thus ascertained, and it does not ap-

pear that the assessment finally agreed on was the result of any trick by which an excessive verdict was obtained.

At any rate, in Redmon v. Commonwealth, 82 Ky., 333, it was held that this court had no revisory power over this alleged error, and it would seem that section 281 of the Criminal Code is conclusive of that question.   See York v. Commonwealth, 82 Ky., 362; Commonwealth v. Hourigan, 89 Ky., 308.

Judgment affirmed.