CASE 51—ACTION OF JOSEPH BEISER V. THE SCRIPPS-MCRAE PUB-
LISHING COMPANY FOR LIBEL.—MAY 20.

# Beiser v. Scripps-McRae Publishing Co.

### APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   REVERSED.

LIBEL—PRIVILEGED PUBLICATION—BURDEN OF PROOF.

Held:   1. In an action for libel, in which plaintiff, by reply, denied
the facts pleaded by defendant as constituting the publication a
privileged one, the burden of proof was on defendant; and plain-
tiff's motion that it be so adjudged should have been sustained,
though he had previously objected to defendant's motion that it
be permitted to assume the burden of proof.

2. An application to a justice of the peace to be permitted to make
an affidavit for the purpose of instituting a prosecution is one step
in a judicial proceeding, and, therefore, though such application
be denied, a fair and impartial publication of the charge thus
made is a privileged publication.

M. H. McLEAN, FOR APPELLANT.

This is an action by appellant against appellee for libel in
publishing of and concerning appellant the following defamatory
article, to-wit:

### "TOOK A HORSE."

"Elsmere is in a state of excitement; charge is preferred
against the town marshal."

(The above constituted the headlines of the article and the
following the body thereof), viz.:

"The little town of Elsmere, south of Erlanger, is in a state
of great excitement over a technical charge of horse stealing pre-
ferred against Joseph Beiser, the town marshal, by Adam Guth,
one of the town's best known citizens.  Monday Guth went before
Squire Childress and alleged that the marshal had, with-
out reason, taken his horse and put it in the pound for the
purpose of obtaining the $1.00 fine put on owners whose horses
run at large.  Guth alleges that his horse was not running at
large, but that it was taken from his yard early Monday morn-
ing where it was grazing.  Mr. Guth was very indignant over
the affair and he claimed to the court that it was a common

practice to take horses from pastures and put them in pound.
When the case is tried before the Squire the whole town will
turn out to watch the proceedings. Marshal Beiser denies in em-
phatic language that he took the horse from the yard."

The plea of the defendant is (1) that the article is privileged
in that it is a report of a complaint preferred before a magis-
trate, (2) that it was a matter of common interest and concern to
the citizens of Elsmere.

Upon the trial of the case the plaintiff below moved that the
defendant be required to assume the burden of proof, which
motion the court overruled.

The appellant contends that the defendant, to escape liability,
must prove as it alleged that an affidavit was filed and a ju-
dicial proceeding instituted, yet the court, by its ruling, re-
quired appellant to prove a negative proposition that there was
no such affidavit filed or proceedings instituted.

The evidence showed that Guth went to Squire Childress and
wanted him to issue a warrant for Beiser for stealing his horse,
that Childress advised him not to do so, and that Squire
made out a paper which was not signed, sworn to, or filed, and
no warrant was issued or criminal proceedings instituted, and
upon this showing the court instructed the jury to find for the
defendant, and from this ruling and judgment this appeal is
prosecuted.

The appellant contends that the court erred in adjudging the
burden of proof to be on the appellant, and in giving a peremp-
tory instruction to the jury to find for the defendant.

AUTHORITIES CITED.

Pearce v. Oard, 37 N. W. Rep., (Neb.) 677; Townshend on
Slander and Libel, note 2, sec. 220; Cin. Gazette Co. v. Timber-
lake, 10 Ohio St., 549; Duncan v. Thwaites, 3 B. & C., 536; 5
D. & R., 447; Rex v. Lea, 5 Esp., 123; Currey v. Walter, 1
B. & P., 523; Huff v. Bennett, 4 Sandf., 127; Stanley v. Webb,
4 Sandf., 21; 8 N. V., 209; Matthew v. Bush, 5 Sandf., 256;
Townshend on Slander and Libel, note 5, p. 364; Liske v. Steven-
son, 59 Mo. App., 220; Lewis v. Levy, 1 B. & E., 537; Bunton v.
Worley, 4 Bibb, 38; Cooper v. Toibe, 15 Rep., 844; Nicholson v.
Rust, 21 R., 645; Riley v. Lee, 88 Ky., 603; McGee v. Wilson,
Littell Select Cases, 187; Shelton v. Nance, 7 B. Mon., 128; Dun-
can v. Brown, 15 B. M., 194; Allen v. Wortham, 98 Ky., 485;
Vance v. Lou. C. J. Co., 95 Ky., 46.

HARPER & ALLEN and B. F. GRAZIANI, for appellee.

We submit on behalf of the appellee, the publication com-
plained of is but an impartial report of a judicial proceeding

Beiser v. Scripps-McRae Publishing Company.

which took place before a magistrate who had jurisdiction to entertain the charge preferred, and such being the case the publication is privileged.

To entitle a publication alleged to be libelous to this privilege, it need only be shown that it is a fair and true report of said proceeding.

In a proceeding many steps are taken, the first of which is the making of the charge or complaint. The article complained of was the report of the charge made to the magistrate and does not pretend to say whether the charge was true or false.

The most important duty of the magistrate is to investigate complaints or charges preferred before them, and when so acting they are unquestionably judicial officers discharging judicial functions.

### AUTHORITIES CITED.

Usill v. Hales, 3 C. P. D., 319; Usill v. Hales, 3 C. P. D., 324; Usill v. Hales, 3 C. P. D., 537; Salisbury v. Union & Advertiser Co., 45 Hun., 120; McBee v. Fulton, 47 Md., 403 and 426; Townshend on Slander and Libel, 4 ed. (sec. 137, note 1); Smith v. Higgins, 16 Gray, 215; Harrison v. Bush, 5 El. & Bl., 344; Fairman v. Ives, 5 B. & Ald., 642; Press Co. v. Stewart, 119 Pa. St., 584, 602-3; Marks v. Baker, 28 Minn., 162; Terry v. Fellows, 21 La. Ann., 375; Briggs v. Barrett 111 Pa. St., 404, p. 414; Minor v. Post & Tribune, 49 Mich., 358-364; Lewis v. Levy, 1 B. & E., 537; Sec. 124 of the Civil Code of Ky.; Stewart v. Hall, 83d Ky., 375; Harper v. Harper, 10 Bush, 448; Campbell v. Bannister, 79 Ky., 205; Smith v. Com. 98 Ky., 437, 440; Ackerman v. Jones, 37 N. Y. Sup. Ct., 42; Rex v. Wright, 8 T. R., 293; Henwood v. Harrison L. R., 7 C. P., 606; Palmer v. Concord, 48 N. H., 211; Wason v. Walter (1868) L. R., 4 Q. B., 73, p. 93, 94.

OPINION OF THE COURT BY JUDGE DURELLE—REVERSING.

This action was brought by appellant for libel, in publishing of and concerning appellant the following article in the Kentucky Post newspaper:

"Took a Horse—Elsmore is in a State of Excitement—Charge is Preferred against the Town Marshal. The little town of Elsmere, south of Erlanger, is in a state of great excitement over a technical charge of horse stealing preferred against Joseph Beiser, the town marshal, by Adam

Guth, one of the town's best-known citizens. Monday, Guth went before Squire Childress and alleged that the marshal had, without reason, taken his horse and put it in the pound, for the purpose of obtaining the $1.00 fine put on owners whose horses run at large. Guth alleges that his horse was not running at large, but that it was taken from his yard early Monday morning, where it was graz-ing. Mr. Guth was very indignant over the affair, and he claimed to the court that it was a common practice to take horses from pastures and put them in pound. When the case is tried before the squire the whole town will turn out to watch the proceedings. Marshal Beiser, in emphatic language, denies that he took the horse from the yard."

The answer of the company admitted the publication, but denied that it was false or malicious. In the third paragraph it pleaded that it employed careful and diligent reporters, and enjoined them to exercise great care as to the truthfulness of statements published, and to refrain from all unjust and malicious statements. In the fourth paragraph it pleaded the truth of the article; that Beiser was town marshal, as therein stated; that Guth made to the magistrate the charges therein set forth; that the town was in a state of great excitement over the charge, and that Beiser did deny it; and that the publication did not, and was not designed to, approve the charge made by Guth, but merely to set forth the contention of the parties with respect thereto. The fifth paragraph set up that Squire Childress was a justice of the peace, and that the article was merely a fair report of a complaint preferred before him, and was privileged. The sixth paragraph averred that Beiser, as town marshal, was a public officer, whose official conduct was a matter of legitimate public concern, and the fact of the charge preferred by one of the citizens

was a matter of public concern, which it was the duty of
the publisher of the newspaper to fairly state to the pub-
lic; that the article was no more than a publication, in
good faith and without malice, of the facts of a matter in
which the citizens had a legitimate interest. The seventh
paragraph alleged that the charge was a matter of common
notoriety, and the publication was a fair and impartial
publication of current news. A demurrer to the third,
fourth, fifth, sixth, and seventh paragraphs was sustained;
and the fourth, fifth, sixth and seventh paragraphs were
amended in conformity with the ruling of the court, which
held that they did not sufficiently aver that a judicial pro-
ceeding had taken place. The amendment averred that
the defense set up in those paragraphs was based on a
judicial proceeding before the magistrate, and that Guth
appeared before him and made an affidavit for the arrest
of Beiser. The amendment seems to abandon the defense
that the publication was merely a legitimate criticism of
an official action of a public officer. Whether this be so
or not, we think it unnecessary to consider that defense in
the case. The reply denied that Guth appeared before
the magistrate and made an affidavit for Beiser's arrest,
and denied that there was any judicial proceeding insti-
tuted or affidavit for Beiser's arrest filed before the mag-
istrate. It is also denied that the publication was a fair
and impartial report, or was made in good faith or with-
out malice, or for the purpose of furnishing the public with
a matter of news in which it had a legitimate interest, or
that the matter was one of common notoriety.

After a jury was impaneled and the case stated, Beiser
moved the court to adjudge the burden of proof, and, though
requested by the court, declined to make his motion more
specific. The publishing company then moved that the

burden of proof be adjudged to rest upon it, which motion was objected to by Beiser's counsel. Beiser's counsel then moved the court to require the company to assume the burden of proof, and the court overruled the motion, to which Beiser excepted. While Beiser's counsel seems to have been playing for position in his course of action upon the burden of proof, his final motion was to place the burden of proof upon the publishing company, and it would seem he was entitled to have the burden thus placed. The publication was admitted, and the facts to show that it was a privileged publication were sufficiently pleaded, and these facts were fully denied by Beiser. Therefore, if no testimony was introduced, the plaintiff, Beiser, was entitled to a verdict; and while it has been held that to deprive the party thereto entitled of the burden of proof, against his objection, is prejudicial error, it would also seem to be prejudicial to deprive him of his right to rely upon the *prima facie* case in his favor made out by the pleadings. It is true, as contended for appellee, that it has been held that, if the occasion of the publication is determined by the court to have been one of qualified or *prima facie* privilege, "the burden of proving malice in fact, or express malice, is then upon the plaintiff." Smith v. Com., 98 Ky., 438 (17 R., 1010) (33 S. W., 419); Stewart v. Hall, 83 Ky., 380 (7 R., 323). Obviously, however, this ruling does not apply to a case like the one at bar, where the sole question of fact in dispute appears to be whether the facts existed which made the publication one of qualified privilege.

After the ruling upon the burden of proof, Beiser introduced the magistrate, who testified that Guth appeared before him and made the charge set out in the article; that, at Guth's request, he prepared an affidavit for the arrest of Beiser, but that it was never signed or sworn to; that

he persuaded Guth not to institute the proceedings, as he was satisfied that Beiser had not taken the horse out of Guth's yard. There was some conflict in the testimony for the plaintiff (appellant) as to whether the affidavit was an affidavit for Beiser's arrest, or an affidavit for an order of delivery; but there was certainly evidence that an application was made for a warrant of arrest, and this testimony was uncontradicted. When the plaintiff concluded his testimony, the court gave a peremptory instruction to find for appellee.

The question whether a mere application to a justice of the peace for a warrant of arrest constitutes the statement of the would-be prosecutor to the magistrate a privileged matter, a fair and impartial publication of which is not libelous, does not seem to have been anywhere expressly decided. The courts of justices of the peace are undoubtedly a part of the judicial department of the government of the Commonwealth. Const., sections 109, 142. The magistrate had jurisdiction to entertain Guth's complaint, and, upon affidavit properly made, to issue the warrant which Guth seems to have applied for. Cr. Code, section 26. The complaint, so far as the evidence shows, was made to the magistrate in his official capacity as justice of the peace. It is conceded by appellee that, according to the earlier cases, *ex parte* proceedings before inferior tribunals, and, indeed, preliminary hearings of charges, were not considered to be of a character which entitled their publication to be considered privileged. Gazette Co. v. Timberlake, 10 Ohio St., 549, 78 Am. Dec., 285; Duncan v. Thwaites, 3 Barn. & C., 556; Rex v. Lee, 5 Esp., 123; Huff v. Bennett, 4 Sandf., 703; Townsh. Sland. & L. p. 364, note 5. On the other hand, it is admitted by appellant that the later current of opinion in both England and this country is to the

effect that newspapers may publish *ex parte* proceedings,
provided they do so fairly and impartially. Undoubtedly,
words spoken before a justice in an application made in
good faith to commence a prosecution are not actionable.
Bunton v. Worley, 4 Bibb, 38, 7 Am. Dec., 735. Said Judge
Logan in that case: "If an action would lie for words
uttered before a justice, when applied to in good faith for a
warrant to apprehend the felon, the culprit might escape
for want of prosecution; for but few would subject them-
selves to the action of slander by endeavoring to bring to
justice offenders. See 6 Bac. Abr., 226, tit. 'Slander.' "
But it is claimed by appellant that, though the words spok-
en are not themselves actionable, their repetition in a pub-
lication does afford a cause of action; and it is urged that
in this respect the privilege is like the privilege of answer-
ing an inquiry as to the character of a servant, which does
not extend to the publication of the statements so made.
In other words, it is conceded that Guth's statement to
the justice was privileged so far as he was concerned, but
it is earnestly urged that, as no affidavit was actually made,
there was no proceeding instituted, and therefore no occa-
sion arose which justified a publication, as in case of the
publication of judicial proceedings. It seems to be rea-
sonably well settled by the later cases that publications
of proceedings had before a justice upon an examining trial,
whether the investigation be *ex parte* or evidence intro-
duced for the defense, are privileged. McBee v. Fulton,
47 Md., 403, 28 Am. Rep., 465; Ackerman v. Jones, 37 N.
Y. Super. Ct., 55, and cases there cited. In the latter case
it was held that the report of an *ex parte* affidavit present-
ed before a police magistrate to obtain a search warrant
was privileged. In Usil v. Hales, 3 C. P. Div., 319, an ap-
plication for a summons was made in open court. A pub-

lication of the proceeding was held privileged, though the summons was denied. In this Commonwealth the warrant is to be issued when the magistrate, from his personal knowledge or from information given to him on oath, shall be satisfied that there are reasonable grounds for believing the charge. Cr. Code, section 31. Although the magistrate may not issue the warrant except upon information given him on oath, it would seem that, under the somewhat informal procedure which obtains with us upon such applications, the application to make the affidavit should be considered as within the rule, and as constituting a judicial procedure, if made to the justice in his judicial capacity, in good faith, for the purpose of such a prosecution. Such an application is not a mere private or confidential communication. It is the first step in a criminal proceeding in a justice's court. It is not, and should not be, secret. Constitution, section 14. It is the equivalent of the application in court in Usill v. Hales, supra. Lord Chief Justice Campbell, in Lewis v. Levy, El. Bl. & El., 537, said, "And in Rex v. Wright, 8 Term R., 293, 298, it received the unqualified approbation of that great judge, Mr. Justice Lawrence, who observed that, though the publication of such proceedings may be to the disadvantage of the particular individual concerned, yet it is of vast importance to the public that the proceedings of courts of justice should be universally known. The general advantage to the country in having these proceedings made public more than counterbalances the inconveniences to the private persons whose conduct may be the subject of such proceedings." El. Bl. & El., at page 559. ". . . I have no doubt that police reports are extremely useful for the detection of guilt, by making facts notorious, and for bringing those facts more correctly to the knowledge of all parties interest-

392                KENTUCKY REPORTS.                [Vol. 113

ed in unraveling the truth. The public, I think, are perfectly aware that those proceedings are *ex parte.*" See, also, Wason v. Walter, L. R., 4 Q B., 73. We are therefore of opinion that an application to make an affidavit for the purpose of instituting a prosecution is one step in a judicial proceeding, though such application be denied, and that a fair and impartial publication of the charge thus made is a privileged publication.

Nevertheless, for the error in adjudging the burden of proof, we think the judgment must be reversed, and cause remanded, with directions to award appellant a new trial, and for further proceedings consistent herewith.