[No. 14680.    Department One.    April 16, 1918.]

THE STATE OF WASHINGTON, on the Relation of W. P. Murphy, Plaintiff, v. HARCOURT M. TAYLOR, as Judge etc., Respondent.[1]

COURTS—APPELLATE COURTS—JURISDICTION—PROHIBITION. The supreme court has original jurisdiction to issue a writ of prohibition to the superior court where it is proceeding in a matter without or in excess of its jurisdiction; Const., art. 4, § 4, granting original jurisdiction to the supreme court, not being limited to matters in aid of its appellate jurisdiction.

PROHIBITION—TO COURT—JUDGE ACTING AS MAGISTRATE. Where a judge of the superior court acts as a committing magistrate in the case of a person accused of crime, he acts as a judge in the performance of a judicial function, and hence is subject to be restrained by an original writ of prohibition from the supreme court, under Const., art. 4, § 4, authorizing an original writ of prohibition against all state officers.

CRIMINAL LAW — PRELIMINARY COMPLAINT — COMMITTING MAGISTRATE—POWERS OF JUDGE. A superior court judge, sitting as a committing magistrate, has no authority, over objection, to inquire into a charge of gross misdemeanor; in view of Rem. Code, § 46, giving justices of the peace concurrent jurisdiction with superior courts of all gross misdemeanors; and Id., §§ 1925-1928, providing that, when a complaint on such an offense is made before a justice of the peace, the justice shall issue a warrant and proceed to a trial, that the accused is entitled to a trial by a jury which shall determine whether the acts of the accused can be sufficiently punished by the penalties the justice court is empowered to inflict, and that a judge or justice is empowered to issue a warrant for arrest and examination only when the crime charged is in the exclusive jurisdiction of the superior court.

Application filed in the supreme court February 13, 1918, for a writ of prohibition to the superior court for

[1] Reported in 172 Pac. 217.

Yakima county, Taylor, J., to prevent further proceeding in a criminal case.   Granted.

*Thos. H. Wilson* and *Harold B. Gilbert,* for relator.

*The Attorney General* and *D. E. Twitchell, Assistant,* for respondent.

FULLERTON, J.—On February 2, 1918, one Arthur Garden appeared before the Honorable Harcourt M. Taylor, one of the judges of the superior court of Yakima county, and made complaint that a criminal offense had been committed by one W. P. Murphy. The judge, acting as a magistrate, examined on oath the complainant and the witnesses provided by him, reduced the complaint to writing, caused it to be subscribed by the complainant, and issued a warrant for the arrest of Murphy. The warrant as issued charged Murphy with the commission of an assault upon the person of Garden, an offense denominated and punishable as a gross misdemeanor under the statute.   On being brought before the magistrate, Murphy, through his counsel, moved the court to dismiss the complaint and discharge the defendant, basing the motion on the ground that the judge, sitting as a magistrate, was without jurisdiction to inquire further into the offense after it had been determined that the offense committed was a gross misdemeanor.   This motion was overruled, whereupon the defendant, specially reserving his motion to the jurisdiction of the magistrate, moved that the cause be transferred to the nearest justice of the peace for further proceedings, basing this motion on the ground that, since the complaint charged a gross misdemeanor a police court had jurisdiction, and that he had the right under the statutes to be put to trial for the alleged offense before such a justice, who alone had authority to transfer the cause to the superior court if it

should be determined on the trial that the punishment which the justice court could impose would be inadequate for the offense. This motion was likewise overruled. The defendant thereupon applied to this court for a writ directed to the judge, prohibiting him from proceeding further in the cause, or in the alternative from proceeding further than to transfer the cause to the nearest justice of the peace for trial. To the application, the magistrate demurred, first for want of jurisdiction in this court to issue the writ demanded, and second, for want of sufficient facts. The cause is now before us on the questions suggested by the application and the demurrer thereto.

On the jurisdictional question, it is first urged that this court is without power to issue a writ of prohibition other than in aid of its appellate or revisory jurisdiction, and that this writ is not sought in aid of either. The power of this court to issue writs of prohibition is derived from the constitution. Section 4 of article 4 of that instrument grants to this court "original jurisdiction in habeas corpus and quo warranto and mandamus as to all state officers," and "power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari, and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction." The power to issue writs of prohibition must of course be found in the latter of these clauses. From that clause it might be concluded, as a matter of first impression, that the power was restricted to instances where the writ was found necessary in aid of the court's appellate and revisory jurisdiction; but we early held that such was not its meaning. In *State ex rel. Amsterdamsch Trustees Kantoor v. Superior Court,* 15 Wash. 668, 47 Pac. 31, 55 Am. St. 907, 37 L. R. A. 111, the writ was sought to prohibit a superior court from proceeding in a matter thought to

be without and in excess of its jurisdiction, and it was contended that the court was without power to issue the writ because of the reason here suggested. The court held, however, that the qualifying clause was not intended to restrict or limit its power to issue the writs specifically enumerated, but was intended rather to confer on the court power to issue writs other than those specifically enumerated which might be found necessary to a complete exercise of its appellate and revisory jurisdiction. In the course of the opinion, it was pointed out that to restrict the power as therein sought would leave the power of no practical value, as it is "difficult to conceive a case in which it would be necessary to issue the writ solely" in aid of a court's appellate or revisory jurisdiction. Subject to the restriction that writs of this sort will only be issued to restrain the exercise of an unauthorized judicial or quasi judicial act (*State ex rel. Bennett v. Taylor*, 54 Wash. 150, 102 Pac. 1029), the case has not been departed from; but, on the contrary, announces the principle upon which this court has issued the writ in the numerous instances found in our records where no question of aiding its appellate or revisory jurisdiction was involved.

A second objection is that the writ will not lie against the judge of the superior court when sitting as a magistrate. The argument is that the judge of the superior court when sitting as a magistrate acts in a special capacity, and is not an officer against whom an original writ will lie from this court. The precise question seems never to have been determined by us. The nearest approach to it is perhaps the case of *State ex rel. Romano v. Yakey*, 43 Wash. 15, 85 Pac. 990, where a writ of mandamus was sought from this court to compel a judge of the superior court to entertain as a magistrate a complaint made before him charging

the commission of a crime, jurisdiction over which he had declined. Among the objections urged against the issuance of the writ was that this court was without jurisdiction, since a magistrate is not of the class of officers against whom it has original jurisdiction to issue the writ. The application for the writ was denied on other grounds urged, thus rendering it unnecessary to pass upon the particular objection, but the question was noticed in the course of the opinion, the court saying that the jurisdiction might be questioned. Notwithstanding this seeming dissent from the view, we are constrained on further consideration to hold that the writ of prohibition will lie from this court when the officer sought to be prohibited is a judge of the superior court. The examination of a person charged with crime is something more than the exercise of a mere ministerial function. It includes an accusation, a warrant of arrest, an examination of witnesses, a finding of the probable guilt or innocence of the accused; and results in an order either discharging the accused or binding him over to the proper court to answer for the offense. The exercise of these functions is plainly the exercise of judicial functions; *State ex rel. Long v. Keyes,* 75 Wis. 288, 44 N. W. 13; *Ex parte Gist,* 26 Ala. 156; *Beiser v. Scripps-McRae Pub. Co.,* 113 Ky. 383, 68 S. W. 457; and being so, the acts are within the office of a writ of prohibition. *State ex rel. Bennett v. Taylor, supra.*

The power to inquire into accusations of crime is, we think, an attribute of the office held by the officer empowered to so inquire, rather than an attribute of the individual who happens for the time being to be the occupant of the office. True, the statute conferring the power uses the terms "justice of the peace" and "judge of the superior court" in designating the officers vested with the power, but to say that the justice

or the judge when conducting the inquiry acts in a capacity different from his capacity as a justice of the peace or judge of the superior court is to say that the statute is nothing more than a convenient means of designating the individuals who may conduct the inquiry. We think the statute something more than this; we think it confers upon the office which they hold additional duties to be exercised by them in virtue of their powers as such officers. In other words, when a justice of the peace or a judge of the superior court conducts such an inquiry, he acts as such judge or justice of the peace, not in another and different capacity. Applying the rule to the specific case, it must follow that, when the judge of the superior court of Yakima county proceeded to inquire into the offense charged against the relator, he proceeded in his capacity as judge of such court, and is subject to be restrained by an original writ from this court as much so as he would be were he exercising any other of his judicial functions.

Perhaps the point can be made more clear by another consideration. It is not denied, of course, that a magistrate, acting as such, may not be restrained by a writ of prohibition when he acts in excess of or without jurisdiction; the contention is that he is not subject to the original jurisdiction of this court, but to the jurisdiction of the superior court. If this contention be sound, we would have the anomaly of a judge of the superior court while sitting in one capacity issuing a writ against himself while sitting in another, or the anomaly of a magistrate against whom no such writ would lie. Manifestly neither of these alternatives should be given effect unless the governing principles are such as to admit of no other construction. We cannot believe they are so.

It remains to inquire whether the magistrate acted in excess of his jurisdiction when he denied the motions of the relator and proceeded to determine whether he was chargeable with an offense within the jurisdiction of the superior court. The question involves a construction of the statutes, and to an understanding of the position of the relator it is necessary to notice those we find to be pertinent. As we have stated, the offense charged against the relator was a gross misdemeanor. Such an offense is punishable, where no specific penalty is fixed by the statute, by imprisonment in the county jail for not more than one year, or by a fine of not more than one thousand dollars, or by both fine and imprisonment. Rem. Code, § 2267. By § 46 of the Code (Rem.) justices of the peace are given concurrent jurisdiction with superior courts of all gross misdemeanors; with the limitation, however, that justices of the peace elected in cities of the first class shall in no event impose a greater punishment for such an offense than imprisonment in the county jail for six months or a fine not exceeding five hundred dollars, and that justices of the peace other than those elected in cities of the first class shall impose no greater punishment than imprisonment in the county jail for a period of thirty days or a fine not exceeding one hundred dollars. The statute relating to the procedure in justices' courts in cases of persons accused of crime provides (§ 1925) that, whenever a complaint on oath in writing is filed with a justice of the peace charging any person with the commission of a crime or misdemeanor of which he has jurisdiction, the justice shall issue a warrant for the arrest of such person and cause such person to be brought forthwith before him for trial. By §§ 1926 and 1927, it is provided that, in all trials for offenses within the jurisdiction of the justice, the defendant or the state, if either so desires,

may demand a jury, and if the defendant is found guilty the jury or the justice as the case may be shall assess the punishment; "or [§ 1928] if, in their opinion, the punishment they are authorized to assess is not adequate to the offense, they may so find, and in such case the justice shall order such defendant to enter into recognizance to appear in the superior court of the county, and shall recognize the witnesses, and proceed as in proceedings by a committing magistrate." Section 1949, relating to the examination of persons charged with crime, reads as follows:

"Upon complaint being made to any justice of the peace, or judge of the superior court, that a criminal offense has been committed, he shall examine on oath the complainant, and any witness provided by him, and shall reduce the complaint to writing, and shall cause the same to be subscribed by the complainant; and if it shall appear that any offense has been committed of which the superior court has exclusive jurisdiction, the magistrate shall issue a warrant reciting the substance of the accusation, and requiring the officer to whom it shall be directed forthwith to take the person accused and bring him before the person issuing the warrant, unless he shall be absent or unable to attend thereto, then before some other magistrate of the county, to be dealt with according to law, and in the same warrant may require the officer to summon such witnesses as shall be therein named, to appear and give evidence on the examination."

Section 1955 reads:

"If it shall appear that an offense has been committed of which a justice of the peace has jurisdiction, and one which would be sufficiently punished by a fine not exceeding one hundred dollars, if the magistrate having the complaint is a justice of the peace, he shall cause the complaint to be altered, and proceed as in like cases before a justice of the peace . . . and shall, by order, require the defendant and the witnesses to enter into recognizances, with sufficient sureties, to

be approved by the magistrate, for their appearance before such justice at the time and place stated in the order; and such justice shall proceed to the trial of the action as if originally commenced before him.''

Stating the substance of these statutes in a more .succinct form, it is therein provided, (1) that justices of the peace have concurrent jurisdiction with the superior courts over all cases of gross misdemeanor; (2) that, when a complaint is made before a justice of the peace charging a person with a gross misdemeanor, it is the duty of the justice to issue a warrant for the arrest of the accused and cause the accused to be brought before him for trial; (3) that when the accused is brought before the justice for trial for an offense within the concurrent jurisdiction of the superior court he is entitled as of right to be tried by a jury, and entitled as of right to have the jury determine whether the acts constituting the offense of which he is accused can be sufficiently punished by the penalties the justice's court is empowered to inflict; (4) that a justice of the peace or judge of the superior court when acting as a magistrate, is empowered to issue a warrant for the arrest and examination of a person charged with crime only when the crime charged is within the exclusive jurisdiction of the superior court; and (5) that a magistrate is only empowered to transfer a cause for trial before a justice of the peace when the offense with which the accused is charged is within the exclusive jurisdiction of the superior court, and he finds during the course of the examination that the offense actually committed is one within the jurisdiction of a justice of the peace and one which would be sufficiently punished by the penalties a justice of the peace is empowered to inflict.

It must follow that the respondent, acting as a magistrate, was without authority, over the objection of the

relator, to inquire into the offense with which the relator is charged. As we have shown, the offense charged against the relator was an offense within the jurisdiction of the justice of the peace, and an offense for which the relator, before he could be bound to answer in the superior court, was entitled to the judgment of a jury whether it could be adequately punished by the penalties a justice's court was empowered to inflict. This remedy the magistrate could not afford him. Moreover, we think the term "exclusive," used in the section of the statute empowering a magistrate to enter upon the examination of persons accused of crime, has a definite meaning. We think it can be given no other meaning than that the offense must be without the jurisdiction, concurrent or otherwise, of a justice of the peace.

It is not here asserted, of course, that a grand jury may not indict for a gross misdemeanor without a trial before a justice of the peace, or that the prosecuting attorney may not file an information directly in the superior court for such an offense without such a trial; we hold only that the power of a magistrate to inquire into offenses is confined to offenses within the exclusive jurisdiction of the superior courts.

These considerations lead to the conclusion that the magistrate was in this instance acting in excess of his powers, and that this particular magistrate is subject to the writs of this court.

Let the writ issue.

ELLIS, C. J., PARKER, MAIN, and WEBSTER, JJ., concur.