[No. 21265.   Department One.   June 29, 1928.]

*In the Matter of the Application of* A. B. CRAWFORD *for a Writ of Habeas Corpus.*[1]

[1] CRIMINAL LAW (25)—JUSTICES OF THE PEACE—TERRITORIAL JURIS-
DICTION.  The territorial jurisdiction of justices of the peace in
criminal cases is limited to their respective counties, under
Rem. Comp. Stat., § 46, providing that justices of the peace
shall have concurrent jurisdiction with the superior court of all
misdemeanors and gross misdemeanors committed in their
respective counties.

[2] ARREST (7-1)—HABEAS CORPUS (17) — VALIDITY — AUTHORITY
UNDER WARRANT—EXECUTION BEYOND JURISDICTION.  A warrant
of arrest issued by a justice of the peace on a charge triable
before him cannot be lawfully executed by arresting the ac-
cused beyond the territorial jurisdiction of the justice, and
one so arrested is entitled to a discharge on habeas corpus
proceedings.

[3] CRIMINAL LAW (25)—JURISDICTION OF JUSTICE—WARRANT FOR
MISDEMEANOR.  A justice of the peace in issuing a warrant on
a complaint for "reckless driving" acts as a trial justice and
not as a committing magistrate; since the offense was a mis-
demeanor, under Rem. 1927 Sup., §§ 6362-46, 6362-53, and triable
before him.

Appeal from an order of the superior court for
Grays Harbor county, Campbell, J., entered January
6, 1928, denying an application for release from arrest
under habeas corpus proceedings.   Reversed.

*F. L. Morgan,* for appellant.
*Austin M. Wade,* for respondent.

PARKER, J.—By this habeas corpus proceeding, the
petitioner, Crawford, sought, in the superior court for
Grays Harbor county, his discharge from the custody
of the sheriff of that county.   A hearing in that court
upon the merits resulted in a denial of Crawford's

[1]Reported in 268 Pac. 871.

petition and a final order accordingly, from which he has appealed to this court.

The controlling facts are not in dispute. On July 19, 1927, a warrant was issued by a justice of the peace of Cowlitz county for the arrest of appellant, reading as follows:

"WARRANT OF ARREST

"STATE OF WASHINGTON,  ⎱ ss.      In Justice Court,
County of Cowlitz.      ⎰      for Kelso Precinct.

"To the Sheriff or any Constable of said county:

"WHEREAS, W. H. Pautzke has this day complained in writing, under oath, to the undersigned, one of the Justices of the Peace in and for said county, that on the 18 day of July, 1927, in said county and state, A. B. Crawford did commit the crime of reckless driving. Therefore, in the name of the State of Washington, you are commanded forthwith to apprehend the said A. B. Crawford and bring him before me to be dealt with according to law.

"Given under my hand this 19 day of July, 1927.

"M. J. NASH,
"Justice of the Peace."

On December 17, 1927, this warrant having come into the hands of the sheriff of Grays Harbor county, he arrested appellant in that county, assuming to do so by authority of the warrant. Thereafter on that day appellant petitioned the superior court for that county for a writ of habeas corpus and for his discharge from the custody of the sheriff of that county. Denial of appellant's petition and his appeal therefrom followed, as we have above noticed.

[1] It is contended in behalf of appellant that the territorial jurisdiction of a justice of the peace in this state does not extend beyond the boundaries of his county, and that therefore a warrant of arrest, issued by a justice of the peace upon a misdemeanor charge triable before him, cannot be lawfully executed by ar-

resting the accused beyond the boundaries of such county.

Section 10, Article 4, of our state constitution, reads in part as follows:

"The legislature shall . . . and shall prescribe by law the powers, duties and jurisdiction of justices of the peace."

Our legislature, exercising this power, enacted § 46, of Rem. Comp. Stat. [P. C. § 9433], reading, so far as we need here notice its language, as follows:

"Justices of the peace shall have jurisdiction concurrent with the superior courts of all misdemeanors and gross misdemeanors committed in or which may be tried in their respective counties."

We are not aware of any other constitutional or statutory provision extending to territorial jurisdiction of the justices of the peace beyond the boundaries of their respective counties, and we think there is no such provision. We conclude, therefore, that their territorial jurisdiction is confined to their respective counties.

[2] May a warrant of arrest issued by a justice of the peace upon a misdemeanor charge, triable before him, be lawfully executed by arresting the accused beyond his territorial jurisdiction? It is elementary law that, in the absence of constitutional or statutory authority, a warrant of arrest cannot be lawfully executed by arresting the accused beyond the territorial jurisdiction of the justice or court issuing it. 1 Chitty's Criminal Law 48; 1 Bishop's New Criminal Procedure (2d ed.) p. 140. No constitutional or statutory provision of this state has come to our notice, and we think there is none, authorizing the execution of a justice of the peace warrant, issued upon a misdemeanor charge triable before him, by arresting the accused beyond his territorial jurisdiction.

[3] We now inquire as to whether the justice issued the warrant here in question as a trial justice, looking to the trial before him of appellant upon a misdemeanor charge, or issued the warrant as a committing magistrate, looking to a preliminary examination before him and holding appellant for trial in some court having jurisdiction to try appellant upon the specified charge. If the justice, in issuing the warrant, acted as a trial justice and not as a committing magistrate, then we need not consider the question of where a warrant issued by a justice as a committing magistrate may be executed by arresting the accused. We have seen that the charge against appellant is specified in the warrant as "reckless driving" committed in Cowlitz county. Manifestly, the charge so specified in the warrant means nothing more serious than "reckless driving" of a motor vehicle on a public highway in Cowlitz county, which is declared to be unlawful and only a misdemeanor by Laws of 1927, pp. 807, 811, §§ 46, 53 (Rem. 1927 Sup., §§ 6362-46, 6362-53). Summarizing our statutory provisions touching the criminal trial jurisdiction of justices of the peace, their concurrent jurisdiction with superior courts and the jurisdiction of committing magistrates, Judge Fullerton, speaking for the court in *State ex rel. Murphy v. Taylor,* 101 Wash. 148, 172 Pac. 217, said:

"Stating the substance of these statutes in a more succinct form, it is therein provided, (1) that justices of the peace have concurrent jurisdiction with the superior courts over all cases of gross misdemeanor; (2) that, when a complaint is made before a justice of the peace charging a person with a gross misdemeanor, it is the duty of the justice to issue a warrant for the arrest of the accused and cause the accused to be brought before him for trial; (3) that when the accused is brought before the justice for trial for an offense within the concurrent jurisdiction of the superior court

he is entitled as of right to be tried by a jury, and entitled as of right to have the jury determine whether the acts constituting the offense of which he is accused can be sufficiently punished by the penalties the justice's court is empowered to inflict; (4) that a justice of the peace or judge of the superior court, when acting as a magistrate, is empowered to issue a warrant for the arrest and examination of a person charged with crime only when the crime charged is within the exclusive jurisdiction of the superior court; . . . ''

See, also, our later decision in *State ex rel. Harger v. Chapman*, 131 Wash. 581, 230 Pac. 833. The words "gross misdemeanor," as used in the above quotation, of course, include misdemeanors.

It follows that the warrant of arrest here in question was necessarily issued by the justice as a trial justice upon a misdemeanor charge triable before him; that it was not issued by the justice and could not be lawfully issued by him as a committing magistrate; and that therefore it could not be lawfully executed by arresting appellant outside the boundaries of Cowlitz county, which were his territorial jurisdictional limits. This, of course, does not mean that one committing a misdemeanor or gross misdemeanor in one county may escape prosecution therefor by going and staying away from that county. It only means that a warrant for his arrest upon such a charge, issued by a justice of the peace, cannot be lawfully executed by his arrest in another county. The superior court of the county also has jurisdiction to try such cases, and its process, our state constitution provides, in § 6 of Art. 4, "shall extend to all parts of the state."

The order denying appellant's petition for his discharge is reversed, and the cause remanded to the superior court with directions to enter an order dis-

charging him from the custody of the sheriff of Grays Harbor county.

MITCHELL, TOLMAN, and ASKREN, JJ., concur.