[No. 9367.    Department Two.    July 3, 1911.]

THE STATE OF WASHINGTON, *Appellant*, v. E. C. POOLE, *Respondent*.[1]

CRIMINAL LAW—FORMER JEOPARDY—DISMISSAL—STATUTES — CONSTRUCTION. Rem. & Bal. Code, § 2314, providing for the dismissal of a criminal prosecution by order of court and that no prosecuting attorney shall discontinue or abandon a prosecution except as therein provided, construed in connection with § 2315, providing that a dismissal of a misdemeanor or gross misdemeanor under § 2314 shall bar another prosecution charging the same offense, refers only to dismissals where the expressed purpose of the prosecuting attorney is to abandon a prosecution; and not where a motion to dismiss is made because of a variance between the

[1]Reported in 116 Pac. 468.

charge and the proof and leave is asked to file a new information, under § 2316, providing that no dismissal on the ground of a variance shall bar another prosecution for the same offense.

CRIMINAL LAW — FORMER JEOPARDY — IDENTITY OF OFFENSES CHARGED. The dismissal of a prosecution for the violation of the adulterated food act, Rem. & Bal. Code, § 5455, charging the selling of decomposed veal, does not bar another prosecution for the violation of a disjunctive clause of the same section charging the sale of the product of a calf which died otherwise than by slaughter; since the offense charged was not the same, within Id., § 5314, providing that a dismissal shall bar a prosecution where the same offense was charged in the second prosecution.

CRIMINAL LAW — FORMER JEOPARDY — DISMISSAL — VARIANCE — "PROOF" AND "EVIDENCE." Rem. & Bal. Code, § 2316, authorizing a second prosecution after a dismissal of a charge on the ground of a variance between the indictment or information and the proof, does not use the word "proof" in its technical sense as distinguished from "evidence," and hence applies where the prosecuting attorney moved to dismiss before trial on the ground of a variance between the charge and the "evidence" disclosed to him on interviewing the witnesses and preparing the case.

Appeal from an order of the superior court for Adams county, Kennan, J., entered October 18, 1910, dismissing a prosecution for a misdemeanor, upon sustaining a plea of former jeopardy. Reversed.

*John Truax*, for appellant.

*Lovell & Davis*, for respondent.

MORRIS, J.—Appeal from an order of dismissal upon sustaining a plea of former jeopardy. The facts upon which the court below based its ruling are these: On August 8, 1910, an information was filed against respondent, charging him with a violation of the adulterated food act, as found in Laws 1907, p. 478, ch. 211 (Rem. & Bal. Code, § 5453 *et seq.*). The offense charged was under subdivision 6 of § 3 (*Id.*, § 5455), in selling "a quantity of veal, which said veal was then and there wholly the product of a filthy, decomposed, and putrid animal substance, to wit, a calf unfit for food." Upon this information, respondent was arraigned

and pleaded not guilty. On October 11, 1910, the state, in the meantime having satisfied itself, from consultation with the witnesses relied upon to sustain the charge, that a conviction could not be obtained because of a variance between the charge and the proof, applied for leave to dismiss the information, upon the ground of such variance and a defect in the information, and to file a new one, which leave was granted. Thereupon a new information was filed, under a disjunctive clause of the same subdivision, charging the sale of "a quantity of veal, which said veal was then and there the product of an animal, to wit, a calf, which had died otherwise than by slaughter." Respondent was arraigned upon this second information, and entered a special plea in bar, setting up the first information, the application and order of dismissal thereof, and claiming former jeopardy. To this special plea the state demurred, which demurrer was overruled, the plea sustained, the information dismissed, and the respondent discharged; from which the state, excepting, appeals.

The state supports its position under Rem. & Bal. Code, § 2316, providing that,

"No order of dismissal or directed verdict of not guilty on the ground of a variance between the indictment or information and the proof, or on the ground of any defect in such indictment or information, shall bar another prosecution for the same offense. Whenever a defendant shall be acquitted or convicted upon an indictment or information charging a crime consisting of different degrees, he cannot be proceeded against or tried for the same crime in another degree, nor for an attempt to commit such crime, or any degree thereof;"

while respondent contends the proper rule to be applied is found in Rem. & Bal. Code, § 2315, providing:

"An order dismissing a prosecution under the provisions of sections 2311, 2312, or 2314, shall bar another prosecution for a misdemeanor or gross misdemeanor where the prosecution dismissed charged the same misdemeanor or gross misdemeanor, but in no other case shall such order of dismissal bar another prosecution."

Section 2311 relates to the filing of an information within thirty days after being held to answer to any criminal charge. Section 2312 provides for a trial within sixty days after the filing of information. These sections manifestly have no application here. Section 2314 provides:

"The court may, either upon its own motion or upon application of the prosecuting attorney, and in furtherance of justice, order any criminal prosecution to be dismissed; but in such case the reason of the dismissal must be set forth in the order, which must be entered upon the record. No prosecuting attorney shall hereafter discontinue or abandon a prosecution except as provided in this section."

Reading sections 2314 and 2315 together, it is plain the dismissal there referred to is where it is the expressed purpose and intention of the prosecuting attorney, for the reasons given in the order, to "hereafter discontinue or abandon a prosecution," and then such dismissal operates as a bar only when the same misdemeanor is charged in a second information. In other words, having expressly indicated a discontinuance and abandonment of the prosecution and permitted the defendant to go hence, the state may not thereafter withdraw such discontinuance or abandonment and again subject the defendant to a trial upon the same misdemeanor. It is manifest that this record discloses no intention on the part of the prosecuting attorney to discontinue or abandon this prosecution. On the contrary, it shows an avowed intention to continue the prosecution and subject the defendant to a trial for his alleged unlawful act, by making the dismissal and leave to file a second information parts of the same record, and setting forth in the moving papers the particular offense to be charged against the defendant in the second information, and the ultimate fact he was prepared to prove to sustain the charge. Neither was the offense charged in the second information the same misdemeanor charged in the first information. True, the misdemeanor charged in each information was of the same name or character,—"selling an adulterated

article of food," which in the one case was "the product of a filthy, decomposed, and putrid animal substance, to wit: a calf unfit for food," and in the other "the product of an animal, to wit: a calf, which had died otherwise than by slaughter." In the one case, the gravamen of the offense was the selling of decomposed and putrid veal; in the other, the selling of veal cut from a calf which had died otherwise than by slaughter. Evidence which would sustain the first charge would not sustain the second, as in the first charge, the thing to be inquired into was the condition of the veal, while in the second, it was that the calf had not been slaughtered. Both were misdemeanors, but they were not the same misdemeanor. To steal $10 from A and on the same day to steal his watch of the value of $10, are both misdemeanors to be charged by the same name—petit larceny; but they are not the same misdemeanor nor the same larceny. Proof of one does not establish the other. Neither does proof of selling putrid veal establish that a calf died otherwise than by slaughter.

Respondent cites *State v. Durbin*, 32 Wash. 289, 73 Pac. 373, as supporting his contention that the order of dismissal is a bar. It will be noted that the first information in that case charged the defendant with assault and battery, a misdemeanor. Subsequently a second information was filed, reciting the same facts, and charging an attempt to commit mayhem, a felony. The first information was then dismissed, and the defendant's plea of former acquittal being denied, he was placed on trial and convicted of assault and battery. It was held that the dismissal of the charge of assault and battery was a bar to a second prosecution for the same offense, and that the defendant could not be tried upon an information charging a greater offense, including the lesser, and be convicted of the lesser offense, after his dismissal had operated as an acquittal of the lesser offense. That holding in no way conflicts with our present view. The criminal act consisted in the doing of the prohibited thing, not in the name given to

the act; and when an information charging an act was dismissed, and a second information charging the identical act was filed, it was a second prosecution for the same act, irrespective of the name given to it in either instance. In the present case, the act charged in the second information is not the act charged in the first information. It differs in the specific thing charged to be criminal; it differs in the character of evidence required and relied upon to sustain the charge. The person selling, and the person to whom the article is sold, are, in each instance, the same. But each information charged a different sale of a different prohibited article of food. In the *Durbin* case, we have the same act charged in both informations under a different name. In the present case, we have a different act charged in both informations under the same name; both a distinction and a difference.

Respondent's next contention in support of the judgment is based upon his definition of the word "proof," as used in Rem. & Bal. Code, § 2316; the argument being that there could be no variance between the information and the proof until the "proof" had been established by the state's evidence; and assuming the right of dismissal, it could only be granted after the introduction of the testimony on the part of the state showing the variance. The law never requires the doing of a vain or useless thing, and it does not appeal to us as sound to say the state could dismiss only after the introduction of its evidence and the incurring of needless expense in order to establish its contention of a variance. Such a requirement would result in benefit neither to the state nor the defendant, except it be to inform the defendant of the character and sufficiency of the evidence relied upon by the state to secure a conviction, which might be a benefit in fact but not in law. It will be admitted that, in a restricted and technical sense, there is a difference between the words "evidence" and "proof;" evidence being the medium through which proof is established, and proof being the effect of evidence rather than the evidence itself. *People v. Beckwith*,

108 N. Y. 67, 15 N. E. 53.  And this technical distinction has been upheld where, in the same statute, both words are used, upon the ground that the legislature, in making use of the two words, intended to establish and indicate a distinction between the two.  *Jastrzembski v. Marxhausen*, 120 Mich. 677, 79 N. W. 935.

"But as in common use the end is often confounded with the means, so in language 'proof' is often used as a synonym with 'evidence.' "  *Hill v. Watson*, 10 S. C. 268.

And "in ordinary language the terms are used interchangeably, and the word 'proof' is used when 'evidence' only is meant."  *Perry v. Dubuque Southwestern R. Co.*, 36 Iowa 102.  We think this is the sense in which the word "proof" is used in this statute, and that it was not intended that the state must proceed until evidence becomes proof before it can declare a variance, but that the prosecuting attorney owes a duty, to both the state and the defendant, to dismiss a prosecution when he is honestly satisfied from the facts within his knowledge that he has charged the wrong act.  The defendant can be tried but once for the same act.  Neither should the state be forced to put a defendant upon trial for an act which it is satisfied he has not committed, in order to thereafter be in a position to prosecute him for the act he has committed.

For these reasons we are of the opinion that the prosecuting attorney was entitled to set forth a variance and obtain leave to dismiss and proceed anew; and that having done so, the dismissal of the first information was not a bar to a prosecution under the second.

The judgment is reversed, and the cause remanded for further proceedings.

DUNBAR, C. J., CROW, ELLIS, and CHADWICK, JJ., concur.