[No. 18736. *En Banc.* December 5, 1924.]

THE STATE OF WASHINGTON, *on the Relation of F. D. Harger, Plaintiff,* v. W. O. CHAPMAN, *Judge, Defendant.*[1]

CRIMINAL LAW (24, 25)—INFANTS (5)—JURISDICTION—CONCURRENT JURISDICTION OF JUSTICE OF PEACE AND JUVENILE COURT. Exclusive jurisdiction is not conferred on the superior courts by the juvenile court act, Rem. Comp. Stat., § 1987-2, providing that the superior courts shall have original jurisdiction in all cases under the act, and Id., § 1987-17 providing that any person who shall contribute to the delinquency of a child shall be guilty of a misdemeanor, and that the juvenile [the superior] court shall have jurisdiction of such misdemeanors; in view of the general law (which is therefore applicable) providing in Id., § 1925, that any justice of the peace shall take jurisdiction of any crime or misdemeanor and issue a warrant therefor, and Id., § 46, conferring on justices concurrent jurisdiction with the superior court of all misdemeanors and gross misdemeanors.

CRIMINAL LAW (46) — FORMER JEOPARDY — DISMISSAL OF MISDEMEANOR. The dismissal, in justice court, of a complaint for contributing to the delinquency of a child, being a misdemeanor of which a justice has jurisdiction, is a bar to a subsequent prosecution for the same offense in the superior court, as provided by Rem. Comp. Stat., § 2315.

TOLMAN and PEMBERTON, JJ., dissent.

Application filed in the supreme court June 3, 1924, for a writ of prohibition to prevent the superior court of Pierce county, Chapman, J., from further proceeding in a criminal case. Granted.

*Louis J. Muscek,* for relator.

*J. W. Selden,* and *J. A. Sorley,* for respondent.

MACKINTOSH, J.—This is an application for a writ of prohibition to prevent the superior court of Pierce county from taking further proceedings in a criminal case in which the relator is defendant.

[1] Reported in 230 Pac. 833.

On May 8, 1924, the prosecuting attorney for Pierce county filed a criminal complaint in the justice's court of Tacoma precinct, charging the relator with having contributed to the delinquency of a minor female. The relator was arrested and furnished bail. May 9, 1924, the prosecuting attorney filed an information in the superior court of Pierce county charging relator with contributing to the delinquency of the same minor. Relator was arraigned on this information and entered a plea of not guilty. On May 16, 1924, the relator moved the superior court to quash the information and dismiss the action, for the reason that the superior court was without jurisdiction on the ground that another action was then pending in the justice court, involving the same alleged offense. On the same day, after the motion to quash had been served, the prosecuting attorney dismissed the action in the justice court; and on May 24 the motion to quash came on for hearing in the superior court, and it appearing that the crimnal complaint in the justice court had been dismissed, the motion to quash was denied. Thereupon this proceeding was commenced to stay the hand of the superior court from further action on the information before it, on the ground that the dismissal of the action in the justice court was a bar to any other action charging the same offense in another court, by virtue of § 2315, Rem. Comp. Stat. [P. C. § 9146].

No question is raised in this case that the dismissal of a complaint in a justice court charging a misdemeanor is a bar to a subsequent prosecution by information in the superior court for the same misdemeanor, if the offense is one of which justice courts have jurisdiction. It is conceded by the prosecuting attorney and counsel for the relator that, if the justice court had jurisdiction the dismissal by it of the com-

plaint filed therein is a bar to a subsequent filing of an information charging the same offense in the superior court, the crime charged being, under the statute, a misdemeanor.

The legislature, in 1909, passed an act which appears as ch. 153, Laws of 1909, p. 595, making it a misdemeanor for anyone to contribute to the delinquency of a minor. The same legislature, by ch. 190, passed a general act in relation to delinquent children, § 2 of which provides that "The superior courts in the several counties of this state shall have *original* jurisdiction in all cases coming within the terms of this act." Laws of 1909, p. 669, § 2. These two sections subsequently appeared in Rem. & Bal. Code under one title; "Delinquent Children and Juvenile Courts." Chapter 190 appeared as §§ 1987-2003 inclusive, and chapter 153 as § 2004.

In 1913 the legislature passed an act known as ch. 160, Laws of 1913, p. 520, § 2 [Rem. Comp. Stat., § 1987-2], which specifically repealed §§ 1987-2004 inclusive of Rem. & Bal. Code, and provided, in § 2, "The superior courts in the several counties of this state shall have *original* jurisdiction in all cases coming within the terms of this act;" and § 17 [Laws of 1913, p. 531 (Rem. Comp. Stat., § 1987-17)], provides that any person who shall contribute to the delinquency of a child shall be guilty of a misdemeanor; this section differing only from the original chapter 153, Laws of 1909, p. 595, in a few minor details, one of which is the adoption of a provision that "the juvenile courts shall have jurisdiction of such misdemeanors."

Under chapters 153 and 190, Laws of 1909, pp. 595, 668, this court held, in *State v. Williams,* 73 Wash. 678, 132 Pac. 415, that a prosecution, under ch. 153, of an adult for contributing to the delinquency of a minor

was properly tried in the criminal and not the juvenile department of the superior court. It is not necessary to determine whether, under ch. 190, Laws of 1909, p. 668, the prosecution of an adult for contributing to the delinquency of a minor must be prosecuted in either the criminal or the juvenile branch of the superior court. The statute in one place states that the superior court shall have jurisdiction, and in another place states that the juvenile court shall have jurisdiction. The only question is whether the crimes defined under this act are within the exclusive jurisdiction of either, the criminal department or the juvenile department of the superior court.

It may very well be that juveniles who come within the operation of ch. 160 of the Laws of 1913, p. 520, are within the exclusive jurisdiction of the juvenile courts; for as we have said in several cases, many of the violations of the provisions of the act by juveniles are not strictly the perpetration of crimes and these juvenile offenders are not treated as criminals. But adults violating the section are made by the statute guilty of misdemeanors, and under the general law, misdemeanors are cognizable in both the justice and superior courts; and where the act does not give the superior court, either in its criminal or juvenile division, *exclusive* jurisdiction, there is no reason why the general law is not applicable. Section 1925, Rem. Comp. Stat. [P. C. § 9434], provides that any justice of the peace shall take jurisdiction of any crime or misdemeanor or issue a warrant and cause the arrest of the defendant. Section 46, Rem. Comp. Stat. [P. C. § 9433], provides that "Justices of the peace shall have jurisdiction *concurrent* with the superior courts of *all* misdemeanors and gross misdemeanors committed in or which may be tried in their respective counties: .

.    .    " The offense with which the relator has been charged is a gross misdemeanor. This court, in *State ex rel. Murphy v. Taylor*, 101 Wash. 148, 172 Pac. 217, considering the jurisdiction of the superior courts, stated that "Justices of the peace are given concurrent jurisdiction with superior courts of all gross misdemeanor,    .    .    .    ;" and inferentially adds that, in the absence of a statute giving one or the other courts exclusive jurisdiction, the one first assuming jurisdiction is entitled to exercise it to the exclusion of the other.

The relator having been charged with a gross misdemeanor, and the statute not having given exclusive jurisdiction to either the justice or the superior court of such offense, the general law must apply that they have concurrent jurisdiction; and when the complaint was filed in the justice's court and the defendant arrested, that court acquired jurisdiction of him; and a subsequent dismissal of that action was a bar to any later prosecution in any court, under the statute which provides that the order dismissing such prosecution "shall bar another prosecution of a misdemeanor or gross misdemeanor where the prosecution dismissed charged the same misdemeanor or gross misdemeanor." For that reason, the writ should be granted, under the authority of *State ex rel. Murphy v. Taylor*, *supra*, which held that the supreme court has jurisdiction to issue a writ of prohibition to the superior court where it is proceeding in a matter in excess of its jurisdiction. Let the writ issue.

MAIN, C. J., BRIDGES, FULLERTON, PARKER, HOLCOMB, and MITCHELL, JJ., concur.

TOLMAN, J. (dissenting)—In my judgment, the history of legislation on this subject shows a legislative

intent by the act of 1913 to confer exclusive jurisdiction upon the superior court. I therefore dissent.

PEMBERTON, J. (dissenting)—Section 1 of the juvenile code, Session Laws of 1913, p. 520, provides:

"This act shall be known as the 'Juvenile Court Law' and shall apply to *all minor children* under the age of eighteen years who are delinquent or dependent; *and to any person or persons who are responsible for or contribute to, the delinquency or dependency of such children.    .    .    .* " Rem. Comp. Stat., § 1987-1.

Section 2 provides:

"The superior courts in the several counties of this state *shall have original jurisdiction in all cases coming within the terms of this act.* In all trials under this act, any person interested therein may demand a jury trial, or the judge of his own motion, may order a jury to try the case. In counties containing thirty thousand or more inhabitants, the judges of the superior court shall, at such times as they may determine, designate one or more of their number *whose duty it shall be to hear all cases arising under this act.    .    .    .* " Rem. Comp. Stat., § 1918-2.

The relator was charged with the offense of contributing to the delinquency of a minor under the provisions of § 17 of the juvenile code [Rem. Comp. Stat., § 1987-17]. This offense certainly arose under this act (the juvenile code act) because there is no other law upon that subject. Under the plain and unambiguous terms of the above statute, the juvenile judge of the superior court has exclusive jurisdiction "to hear all cases arising under this act." The justice court had no jurisdiction, and the dismissal of the case by the justice court because of a lack of jurisdiction is no bar to this prosecution.

The writ should be denied.