[No. 44115.   En Banc.   October 28, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES CLARENCE CUMMINGS, *Petitioner.*

*Wilson & Reardon, Harry C. Wilson,* and *Barbara E. Reardon,* for petitioner.

*Christopher T. Bayley, Prosecuting Attorney,* and *Patrick Sainsbury, Deputy,* for respondent.

ROSELLINI, J.—The petitioner was arrested and charged in Seattle District Court, by citation issued pursuant to JCrR 2.01 (b), with the commission of a gross misdemeanor involving fraud with respect to the use of telephone service. (RCW 9.45.240 (1), (2) (a).) He was arraigned and pleaded not guilty, and was released after executing a personal recognizance bond.

Two days later, the petitioner was again arrested, booked, fingerprinted, and photographed as a result of an information charging the same offense, filed in King County Superior Court after the defendant was charged in the justice court. Again a plea of not guilty was entered. In the justice court, the respondent thereafter moved for dismissal, upon the ground that the same charge was pending in Superior Court and would be prosecuted there. This motion was granted, the order reciting that it was made "in furtherance of justice."

Relying upon RCW 10.43.010 and RCW 10.46.090, the pe-

titioner moved for dismissal of the Superior Court information, upon the ground that a prior prosecution for the same offense had been dismissed in justice court on the motion of the prosecutor. The motion was denied, the court holding that these statutes had been superseded by CrR 3.3, adopted in 1973 by this court.

We granted the petitioner's application for a writ of prohibition.

RCW 10.43.010 provides:

> An order dismissing a prosecution under the provisions of RCW 10.37.020 [charge dismissable if no indictment or information filed within 30 days after person is held to answer], 10.46.010 [indictment or information dismissable if defendant not brought to trial within 60 days, unless he has applied for postponement], and 10.46.090 shall bar another prosecution for a misdemeanor or gross misdemeanor where the prosecution dismissed charged the same misdemeanor or gross misdemeanor; but in no other case shall such order of dismissal bar another prosecution.

We held in *State v. Williams*, 85 Wn.2d 29, 530 P.2d 225 (1975), that CrR 3.3 had superseded RCW 10.46.010, and by implication, that RCW 10.43.010 insofar as it deals with speedy trials in superior court, had also been superseded. We did not have before us in that case the question of what effect the new rules have had upon RCW 10.46.090. That section provides:

> The court may, either upon its own motion or upon application of the prosecuting attorney, and in furtherance of justice, order any criminal prosecution to be dismissed; but in such case the reason of the dismissal must be set forth in the order, which must be entered upon the record. No prosecuting attorney shall hereafter discontinue or abandon a prosecution except as provided in this section.

It is not questioned in this proceeding that both RCW 10.43.010 and RCW 10.46.090 apply to prosecutions in justice court as well as in superior court. It was so conceded by both the parties in *State ex rel. Harger v. Chapman*, 131 Wash. 581, 230 P. 833 (1924), where this court held, on

procedural facts almost identical to those involved here, that the dismissal of a prosecution instituted in justice court barred further prosecution of an information filed in superior court 1 day after the justice court complaint was filed.

The only procedural difference between that case and this is that there, the defendant had moved to dismiss the superior court proceeding for lack of jurisdiction, prior to the date upon which the prosecutor obtained dismissal of the justice court action. The trial court had denied both this motion and the motion to dismiss which followed the justice court dismissal.

In *State v. Voelker*, 137 Wash. 156, 242 P. 6 (1926), this court ordered the dismissal of a superior court charge, after trial and conviction, where it appeared that prior to the trial a previously filed justice court charge involving the same misdemeanor had been dismissed on motion of the prosecutor.

The respondent does not dispute that these holdings control the disposition of this case if RCW 10.43.010 has not been superseded by court rules, insofar as it applies to dismissals on the motion of the prosecutor.

There is language in *State v. Poole*, 64 Wash. 47, 116 P. 468 (1911), to the effect that the statute does not apply unless the prosecutor intends to abandon the prosecution. This interpretation was overruled, *sub silentio*, in *State ex rel. Harger v. Chapman, supra,* and in fact, the respondent places no reliance on that case but grounds his claim of right to pursue the petitioner in Superior Court solely upon the contention that RCW 10.43.010 has been superseded in its entirety. The result of *State v. Poole, supra,* can be sustained upon the second ground stated in the opinion—namely, that the second prosecution involved a different offense.

It is true that RCW 10.43.010 bears a codifier's note that it has been superseded by CrR 3.3 and RCW 10.46.090 bears a codifier's note that it has been superseded by CrR 8.3. The fact that RCW 10.46.090 has been superseded by CrR 8.3

was also noted in *State v. Pringle*, 83 Wn.2d 188, 190 n.1, 517 P.2d 192 (1973). That rule provides for dismissals as follows:

> **(a) On Motion of Prosecution.** The court may, in its discretion, upon written motion of the prosecuting attorney setting forth the reasons therefor, dismiss an indictment, information or complaint.
>
> **(b) On Motion of Court.** The court on its own motion in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution and shall set forth its reasons in a written order.

CrR 8.3.

The official publication of these rules in 82 Wn.2d 1114 (1973), at 1125-27 and 1169, carries comments to the same effect. However, these comments must be read in conjunction with CrR 1.1, which provides that the rules supersede all procedural statutes which may be in conflict, and that they shall be interpreted and supplemented in light of the common law and the decisional law of this state.

■ Applying these principles, we observe that CrR 3.3 and CrR 8.3 apply to superior court proceedings and do not purport to control proceedings in justice court. On the other hand the statutes in question, which refer to "any prosecution," have always been understood to apply to justice court prosecutions as well as prosecutions in superior court.

CrR 3.3 provides a comprehensive and complete procedure for assuring a speedy trial in superior court. Turning to the rules for justice court, we find a complementary rule, JCrR 3.08, providing for a trial within 60 days from the date of appearance. These rules, covering as they do the same subject matter as RCW 10.43.010, RCW 10.37.020, and RCW 10.46.010 with respect to speedy trials and dealing with it in a comprehensive manner, supersede those statutes with reference to that subject.

The provisions of CrR 8.3 are essentially the same as those of RCW 10.46.090, and the rule was meant to incorporate them. *See* Report of Criminal Rules Task Force, Washington Judicial Council, *Proposed Rules of Criminal Proce-*

*dure* 172 (1971).[1] Unlike CrR 3.3, which expressly provides for dismissal with prejudice if the speedy trial requirements are not met, CrR 8.3 does not purport to deal with the question whether a dismissal under its provisions will bar another prosecution. There is no conflict between its provisions and the provision in RCW 10.43.010, that the dismissal of a prosecution under RCW 10.46.090 shall bar another prosecution for a misdemeanor or gross misdemeanor.

No counterpart to CrR 8.3 can be found in the rules for justice court. There is no provision for dismissal on the motion of the prosecutor. There is, however, a rule (JCrR 2.06) providing for the consolidation of complaints in the first justice court to obtain jurisdiction, if two or more complaints are filed against the same defendant for the same offense. This rule takes account of the fact that JCrR 2.01 permits various persons to file complaints, including peace officers and citizens. It eliminates or at least ameliorates the confusion and harassment that may result if more than one such person files a complaint for the same offense.

This rule partially supersedes RCW 10.43.010 and RCW 10.46.090, as they relate to multiple prosecutions in justice court for the same offense. It does not, however, deal with the problem which arises when prosecutions are instituted in both justice and superior courts. None of the court rules, insofar as we have been able to ascertain, purports to cover this question. None gives the prosecutor the right to move for dismissal in justice court.

Thus, if RCW 10.43.010 and RCW 10.46.090 have been entirely superseded, the prosecutor in this case had no authority to move for dismissal of the justice court citation, and prosecutors in general are deprived of all discretion in the matter of dismissing justice court actions. Furthermore, a person charged with a misdemeanor has lost the valuable statutory right to have his case tried in the first court

---

[1]The comment indicates that the task force assumed that RCW 10.43.010 would continue to govern the effect of dismissal under this rule.

which assumed jurisdiction and not to be harassed by multiple prosecutions for the same offense.

This is hardly a reasonable interpretation to place upon our rules. Effect must be given to the declaration of intent that only statutes in conflict are superseded, and that the rules should be interpreted in light of the common law and decisional law of this state.

At common law, the prosecutor had unfettered discretion in dismissing prosecutions. 21 Am. Jur. 2d *Criminal Law* § 519 (1965). RCW 10.46.090 modified that discretion and subjected it to the control of the court. In promulgating the justice court rules, it was not our intent to make a substantial change in the law by simply ignoring the subject matter. The omission of any reference to the prosecutor's right to obtain dismissal in justice court cannot be construed as an expression of such an intent, in view of the fact that existing statutes provide for its exercise and its limitations. Nor does it reveal an intent to nullify the law which governs the consequences of dismissal of a misdemeanor charge on motion of the prosecutor.

We conclude that RCW 10.43.010 and RCW 10.46.090 have been superseded only insofar as court rules conflict with them, and that RCW 10.46.090 continues to govern the authority of the prosecutor to move for dismissal in justice court, subject to the provisions of RCW 10.43.010, making a dismissal of a misdemeanor charge a bar to another prosecution for the same offense, if the latter prosecution was instituted subsequent to that which was dismissed. RCW 10.43.010 also applies to dismissals in superior court made pursuant to CrR 8.3.

This interpretation is in harmony with JCrR 2.06, which expresses the policy that a misdemeanor should be tried in the court in which the first complaint was filed.

Since the prosecutor has elected to dismiss the complaint which was first filed, whereby the justice court acquired jurisdiction, further pursuit of the petitioner for the offense charged is barred under RCW 10.43.010.

We do not reach a further contention of the petitioner

that the right given him under RCW 10.43.010 is substantive, rather than procedural, and therefore not within the court's power to alter.

The writ will issue with directions to dismiss the prosecution.

STAFFORD, C.J., and HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.