[No. 4631–II.   Division Two.   August 4, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN KERSTETER, *Appellant.*

*Paul L. Henderson* and *Weber, Baumgartner & Gunn, P.S.*, for appellant.

*James E. Carty, Prosecuting Attorney,* and *David C. Nordeen, Deputy,* for respondent.

PETRIE, J.—John Kersteter appeals his conviction for driving while under the influence of intoxicating liquors (DWI). RCW 46.61.502. The issues on appeal relate to whether defendant could be convicted on a charge which had previously been dismissed against him, and whether he was afforded his right to a speedy trial. We hold that the conviction was proper and that his trial was timely. Accordingly, we affirm.

In May 1979, defendant was involved in an automobile accident with one Ernest Heide. On June 28, 1979, defendant was served with a citation for DWI, a gross misdemeanor (RCW 9A.20.010(2)(b)), and the matter was filed in Clark County District Court. That same day Heide died as a result of injuries sustained in the accident. On July 5, the State filed a motion in district court to dismiss the DWI

charge "without prejudice" so that it might file a felony charge of negligent homicide by motor vehicle (RCW 46.61-.520; RCW 9A.20.040) against defendant in superior court. On July 11, defendant, through his attorney, appeared in district court and pleaded not guilty to the DWI charge. On July 19, the district court ordered the charge dismissed without prejudice to allow the State to refile any pertinent felony charges at a later date.

On November 8, 1979, the State filed an information in superior court charging defendant with negligent homicide by motor vehicle. Defendant's trial was held on January 18, 1980. The jury found him not guilty of negligent homicide, but guilty of the lesser included offense of DWI. The trial court subsequently denied defendant's motion to vacate the judgment, and he appeals.

The first issue we address is the validity of defendant's conviction in superior court of DWI when that same charge had previously been dismissed against him in district court. RCW 10.46.090 provides in relevant part that:

> The court may, either upon its own motion or upon application of the prosecuting attorney, and in furtherance of justice, order any criminal prosecution to be dismissed; . . .[1]

Under RCW 10.43.010,

> An order dismissing a prosecution under the provisions of RCW . . . 10.46.090 shall bar another prosecution for a misdemeanor or gross misdemeanor where the prosecution dismissed charged the *same* misdemeanor or gross misdemeanor; but in *no other case* shall such order of dismissal bar another prosecution.

(Italics ours.) This statute operates to bar certain reprosecutions regardless of the State's intentions behind seeking the original dismissal. *State v. Cummings,* 87 Wn.2d 612, 614, 555 P.2d 835 (1976) (citing *State ex rel. Harger v. Chapman,* 131 Wash. 581, 230 P. 833 (1924)). Defendant argues this statute barred his conviction for DWI. We dis-

---

[1]We note that this statute does not establish a distinction between dismissals *with* or *without* prejudice, as the State appears to argue.

agree.

■ In *State v. Wickstrom,* 92 Wash. 503, 159 P. 753 (1916), the court was called upon to interpret the identical statute in operation here, then codified as Rem. & Ball. Code § 2315.[2] The court, noting the 1909 amendment of the statute to its current form, interpreted it literally and held that the statute had no application in a situation where the subsequent information charged a felony and not the same misdemeanor as had been charged and dismissed in district court. Here, the statute would clearly have forbidden the State from filing an information charging defendant with DWI (the same gross misdemeanor as charged in district court) in superior court. Instead, the State charged defendant with the felony of negligent homicide, making RCW 10.43.010 inapplicable as a bar to prosecution. *See State v. Robinson,* 24 Wn.2d 909, 167 P.2d 986 (1946).

We recognize that the end result in the present case is that defendant stands convicted of the same gross misdemeanor as originally charged and dismissed. Because his subsequent prosecution for DWI was as a lesser included offense in a felony charge and not as an independent misdemeanor charge, RCW 10.43.010 does not apply and the misdemeanor conviction can stand. To hold otherwise would irrevocably cut off the prosecutor's opportunity to join multiple felony and lesser included misdemeanor charges in a single proceeding at the point when he files the first such misdemeanor charge arising out of a particular act or transaction. *See State v. Leverich,* 14 Ore. App. 222, 511 P.2d 1265 (1973) (interpreting an analogous Oregon

---

[2]Defendant argues that the holding in *State v. Wickstrom,* 92 Wash. 503, 159 P. 753 (1916), has been effectively overruled by *State v. Cummings,* 87 Wn.2d 612, 555 P.2d 835 (1976). *Wickstrom,* however, consists of two distinct holdings. The first holding, that a dismissal of a prosecution in a justice court does not bar a subsequent prosecution in superior court absent a showing that the State intended to abandon the action, has been overruled according to *State v. Cummings,* at 614. The second holding, in which the court gives a literal interpretation to the statute in issue here, was not questioned in *Cummings* and remains a valid analysis.

statute, Or. Rev. Stat. § 134.140(2)).

We view the purpose of RCW 10.43.010 as seeking to prevent the harassment of an accused by successive attempts to prosecute him for a minor offense. *See People v. Cossio*, 76 Cal. App. 3d 369, 142 Cal. Rptr. 781 (1977) (interpreting California's analogous statute, Cal. Penal Code § 1387 (West)). That purpose has been effectuated here. Defendant was not required to face a multiplicity of actions but was instead required to face one consolidated prosecution involving a greater offense and all those lesser offenses included therein. Because defendant's original DWI prosecution was dismissed and terminated before a jury had been empaneled or a witness sworn, his subsequent conviction would not be barred by double jeopardy. (U.S. Const. amend. 5; Const. art. 1, § 9). *Serfass v. United States*, 420 U.S. 377, 43 L. Ed. 2d 265, 95 S. Ct. 1055 (1975); *State v. Ridgley*, 70 Wn.2d 555, 424 P.2d 632 (1967). Accordingly, we hold that the trial court did not err by denying defendant's motion to dismiss the conviction.

The final issue we address is whether the defendant was afforded his right to a speedy trial. Defendant argues that since his DWI citation was initially filed in district court, JCrR 3.08, which requires that an accused be brought to trial within 60 days from his date of appearance, became the applicable court rule by which to measure the timeliness of his trial. He asserts that because he was not tried within 60 days of his July 11, 1979 appearance, the conviction must be dismissed. Again, we disagree.

■ Upon the district court's dismissal of the action on July 19, the Justice Court Criminal Rules ceased to apply to defendant's prosecution. JAR 2. When the State filed the information in superior court on November 8, 1979, CrR 3.3 became the applicable speedy trial rule. CrR 1.1; *State v. Cummings*, 87 Wn.2d at 615. Because defendant was never held in custody, the State was required to bring him to trial within 90 days of the 10th day following his arrest. *See* former CrR 3.3(b)(1), (b)(3). Defendant was never formally arrested on the negligent homicide charge. He was, how-

ever, brought to trial on January 18, 1980, 70 days after the information was filed. Accordingly, regardless of the precise date following the initiation of the superior court action upon which the 90–day rule commenced to run, defendant received a speedy trial.

Judgment affirmed.

REED, C.J., and PEARSON, J., concur.

Reconsideration denied September 9, 1981.