[No. 14503–7–I.   Division One.   December 16, 1985.]

THE STATE OF WASHINGTON, *Respondent*, v. REGINALD
DERWIN DIXON, *Appellant.*

*Paris K. Kallas* of *Washington Appellate Defender
Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Kathryn
Goater, Deputy,* for respondent.

WEBSTER, J.—Defendant Reginald Derwin Dixon appeals
his conviction of being a felon in possession of a firearm,
contending that the charge should have been dismissed
under CrR 4.3(c) because he had already been tried for a
related offense, and that a police officer's testimony as to
statements by the defendant's wife should have been
excluded. Because we conclude that the mandatory joinder
rule was violated, we do not reach Dixon's second argu-
ment.

## FACTS

Around 10:30 p.m. on December 1, 1983, police responded to a call at the home of defendant Reginald Dixon's sister–in–law in Seattle. Dixon and his wife, Mary, met the responding officers in the front yard. The officers also spoke to Mary Dixon's two sisters, who were in the house when the officers arrived. One sister gave the police a gun and several bullets, which she said Mary Dixon had taken from the defendant.

On December 23, 1983, Reginald Dixon appeared in Seattle District Court on a misdemeanor charge of aiming or discharging a firearm. The charge was dismissed.

On December 28, 1983, the prosecutor's office filed an information in superior court, charging the defendant with being a convicted felon in possession of a pistol, a violation of RCW 9.41.040. The defendant's attorney made a pretrial motion to have the felony charge dismissed under the mandatory joinder rule, CrR 4.3(c), arguing that Dixon had already been tried for a related offense. The parties stipulated to the facts surrounding the dismissal of the earlier misdemeanor charge. They agreed that Dixon had pleaded not guilty to the crime of aiming or discharging a firearm, that the defendant had appeared with his attorney in court on his trial date, that Mary Dixon had not been subpoenaed, and that the State moved to dismiss because the defendant's wife did not want to testify or have the matter pursued.

The court denied the defendant's motion to dismiss the subsequent felony charge. The judge noted that there was nothing to indicate whether the misdemeanor charge had been dismissed with prejudice, that the defendant had not objected to the motion to dismiss, and that the dismissal had occurred before jeopardy attached. The trial proceeded, and the defendant was convicted.

## MANDATORY JOINDER

The issue before us is whether the felony charge should

have been dismissed under CrR 4.3(c), the mandatory joinder rule.

CrR 4.3(c) reads in part:

(1) Two or more offenses are related offenses, for purposes of this rule, if they are within the jurisdiction and venue of the same court and are based on the same conduct.

. . .

(3) A defendant who has been tried for one offense may thereafter move to dismiss a charge for a related offense, unless a motion for joinder of these offenses was previously denied or the right of joinder was waived as provided in section (b). The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney was unaware of the facts constituting the related offense or did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted.

The rule requires dismissal of the felony charge if the previous offense was related, the defendant has not waived joinder, and the defendant was tried for the earlier offense. Dismissal may nevertheless be denied if to grant it would defeat the ends of justice.

The State concedes that the misdemeanor charge of aiming or discharging a firearm and the felony charge of felon in possession of a firearm are "related offenses." Both offenses are within the jurisdiction and venue of King County Superior Court and are based on the defendant's conduct with a pistol on the evening of December 1, 1983.

Although the State argues that Dixon should have objected to the prosecution's motion to dismiss the misdemeanor charge, the defendant did not waive his right of joinder under the rule because he did not know, when he appeared before the District Court on the misdemeanor charge, that he would later be charged with the felony. *State v. Holt,* 36 Wn. App. 224, 229, 673 P.2d 627 (1983). Dixon properly made a pretrial motion to dismiss under CrR 4.3(c) when he appeared on the felony charge.

■ The issue, therefore, is whether the defendant had been "tried" for the misdemeanor offense for the purposes of CrR 4.3(c). Contrary to the State's assumption, double jeopardy analysis does not apply to the rule. *State v. Russell,* 101 Wn.2d 349, 678 P.2d 332 (1984); *State v. Dailey,* 18 Wn. App. 525, 569 P.2d 1215 (1977). In *Russell,* the court held that while retrial after a hung jury does not violate double jeopardy, "it would strain the concept of trial and resultant mistrial to conclude there had been no trial within the parameters of CrR 4.3(c)(3)." 101 Wn.2d at 353. The court noted that the rationale of the rule is "issue preclusion" and cited to the *ABA Standards Relating to Joinder and Severance* § 1.3, Commentary at 19 (Approved Draft, 1968), on which the rule is based:

> [T]he purpose of this section of the standards is to protect defendants from "successive prosecutions based upon essentially the same conduct, whether the purpose in so doing is to hedge against the risk of an unsympathetic jury at the first trial, to place a 'hold' upon a person after he has been sentenced to imprisonment, or simply to harass by multiplicity of trials."

With these comments in mind, we conclude that the rule has been violated. Whether intentionally or not, the defendant is being harassed by successive prosecutions based on the same conduct.

Although dismissal of the misdemeanor charge was not with prejudice, it would be unfair to say there was no trial. The State had initiated legal proceedings but was unable to present evidence because it had not subpoenaed its only witness. The defendant was present and ready to defend himself. Under these facts, it is implicit in the dismissal that the State did not prove the elements of the offense. *See State v. Alton,* 89 Wn.2d 737, 739, 575 P.2d 234 (1978). At the time of the dismissal, the State did not contemplate a felony charge and made no motion to continue.

The rationale of "issue preclusion" underlying the mandatory joinder rule, *State v. Russell, supra,* also supports the conclusion that Dixon had been tried on the misde-

meanor charge. The doctrine of issue preclusion "seeks to prevent relitigation of previously determined issues between the same parties, to promote judicial economy, and to prevent harassment of and inconvenience to litigants." *Malland v. Department of Retirement Sys.*, 103 Wn.2d 484, 489, 694 P.2d 16 (1985). The State does not, nor could it reasonably, argue that it was unaware of the facts constituting the felony offense or did not have sufficient evidence to warrant trying this offense at the time of the misdemeanor trial. Both offenses arose out of the same incident and involved the same witnesses. The only additional fact necessary to be known for the felony charge was the defendant's status as a felon. The State cannot avoid the effects of the rule simply by arguing that it was too busy to bring both charges at once. *See State v. Dailey, supra* at 529. This type of piecemeal prosecution clearly violates the principles underlying CrR 4.3(c).

Finally, we note that it is more important that the offenses are "related" under the rule than that the defendant was "tried" for the earlier offense. *State v. Russell, supra* at 353. There is no dispute that these are related offenses. Furthermore, we do not see how the ends of justice will be defeated by a dismissal of the felony charge. CrR 4.3(c)(3).

We reverse and remand with directions to dismiss the charge against the defendant.

SCHOLFIELD, A.C.J., and WILLIAMS, J., concur.

Reconsideration denied March 4, 1986.