**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 80325-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| JASON CURTIS WEST, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | |

MANN, C.J. — After the State initially charged Jason West with a felony in superior court, it refiled misdemeanor charges in district court and dismissed the superior court proceeding. The district court then denied West's motion to dismiss the misdemeanor charges. West sought and was denied a writ of review or writ of prohibition in the superior court. West appeals, arguing that the district court lacked authority to hear his case because the State violated the priority of action and mandatory joinder rules. We disagree, and affirm.

## I. FACTS

West, the owner of Budget Auto Wrecking, was involved in a confrontation with a customer after other employees accused the customer of stealing an auto part. The

Citations and pin cites are based on the Westlaw online version of the cited material.

State charged West in the King County Superior Court with attempted robbery in the first degree—a felony.

West was arraigned in superior court on August 10, 2017, and entered a plea of not guilty. In December 2018 the parties jointly moved to continue with an omnibus hearing on March 15, 2019, and with a speedy trial expiration date of May 15, 2019. The court set a case setting hearing for April 22, 2019.

On April 17, 2019, the State filed misdemeanor charges against West for assault in the fourth degree and theft in the third degree in King County District Court. The misdemeanor charges were based on the same conduct as the original felony charge. The State notified defense counsel of its intent on the same day:

> After staffing this matter with my supervisor and members of our district court, we have decided to proceed with this prosecution in our district court and dismiss Mr. West's felony here in Superior Court. I have been informed that district court has filed A4 and T3 today and I will dismiss the felony case soon.

West responded, and after noting the superior court hearing set for April 22, asked "I assume you are planning to obtain a dismissal prior to that hearing?" West asked that the State "please forward a copy of any paperwork you intend to submit to the [district] court." The State responded "I'll do that tomorrow and will send you the order."

The following day, April 18, 2019, the State moved ex parte for the superior court to dismiss the felony charges without prejudice. The court dismissed the charges. The signed order was provided to West. West did not seek reconsideration or further relief from the superior court.

On April 29, 2019, West moved in district court for dismissal of the misdemeanor charges. West argued that the district court lacked jurisdiction because the State violated the doctrine of priority of action and the mandatory joinder rules. West also argued that the State's misconduct required dismissal under CrRLJ 8.3(b). After oral argument, on May 9, 2019, the district court denied West's motion to dismiss. The court concluded that the State did not violate the doctrine of priority of action or the mandatory joinder rule. The court also determined that West had not shown that he had been prejudiced to the extent that his right to a fair trial had been materially affected and dismissed West's motion under CrRLJ 8.3(b).

West filed an application for a writ of review or writ of prohibition in the King County Superior Court. He argued that the district court lacked jurisdiction over his case because: (1) the State violated the priority of action rule, (2) the State violated the mandatory joinder rule, and (3) the State violated due process by obtaining the dismissal from superior court ex parte. On May 14, 2019, the superior court ordered the district court to certify its record and established a briefing schedule. The court further ordered that it would determine if oral argument was necessary after receipt of the briefs.

On July 17, 2019, the superior court denied West's application for the writs. The court found that West failed to show that "(1) the District Court exceeded its authority or acted illegally, and (2) no appeal nor any plain, speedy, and adequate remedy at law exists." The court determined that because of the thoroughness of the briefing, oral argument was unnecessary.

West appealed and we granted discretionary review.

-3-

## II. ANALYSIS

West argues that the superior court erred in denying his application for a writ of review or prohibition because the district court exceeded its jurisdiction when it failed to dismiss the misdemeanor charges. West avers that dismissal was required under both the priority of action rule and mandatory joinder rule. We disagree.

A statutory writ of review is an extraordinary remedy. Dep't of Labor & Indus. v. Bd. of Indus. Ins. Appeals, 186 Wn. App. 240, 244, 347 P.3d 63 (2015). Our review of the superior court's order is de novo. Dep't of Labor & Indus., 186 Wn. App. at 244. We review the record of the lower tribunal, not the record of the superior court acting in its appellate capacity. Dep't of Labor & Indus., 186 Wn. App. at 244. Under RCW 7.16.040, a superior court may grant a statutory writ only if (1) a lower court exceeded its jurisdiction or acted illegally and (2) there is no adequate remedy of law. Both requirements must be met. Dep't of Labor & Indus., 186 Wn. App. at 244.

A writ of prohibition arrests the proceedings of a tribunal when it lacks jurisdiction. RCW 7.16.290. A writ of prohibition is a drastic measure that a court may only issue when the (1) court is clearly and inarguably acting in a matter where it lacks jurisdiction and (2) there is not an adequate remedy by appeal or otherwise. Barnes v. Thomas, 96 Wn.2d 316, 318, 635 P.2d 135 (1981). "Statutory writs should be granted sparingly when used as a method of review of interlocutory decisions of courts of limited jurisdiction." City of Seattle v. Williams, 101 Wn.2d 445, 455, 680 P.2d 1051 (1984).

A. Ex Parte Dismissal of Superior Court Charges

West first argues that the superior court erred in not addressing his challenge to the ex parte dismissal of the superior court felony charges. He avers that due process

required notice and an opportunity to be heard. Because West's claim is not properly before us, we do not address it.[1]

While West was not provided notice prior to the State obtaining its ex parte dismissal, West was provided with the superior court's order shortly after its entry. Instead of seeking reconsideration or other relief from the superior court, West moved in district court to dismiss the district court charges. West then sought a writ of review or prohibition from the superior court, raising for the first time the earlier superior court action dismissing the felony charge ex parte.

A writ of review or prohibition is limited to review of actions by inferior courts or tribunals. Neither the superior court, nor this court, have authority to review the superior court order dismissing the felony charge using a statutory writ. RCW 7.16.040; RCW 7.16.300. Because the superior court was limited to reviewing the district court's actions, it did not err by not considering West's due process claim.

B. Priority of Action

West next argues that the district court exceeded its jurisdiction in not dismissing the misdemeanor charges because the State violated the priority of action rule.

The priority of action rule, also known as the first in time rule, states that "'the court which first gains jurisdiction of a cause retains the exclusive authority to deal with the action until the controversy is resolved.'" State v. Stevens County Dist. Court Judge, 194 Wn.2d 898, 903, 453 P.3d 984 (2019) (quoting Sherwin v. Arveson, 96

---

[1] In State v. Taylor, 150 Wn.2d 599, 80 P.3d 605 (2003), our Supreme Court questioned ex parte presentation of orders of dismissals, noting "Although we frown upon ex parte contacts, this issue will not be reviewed because it was not properly presented to this court." Taylor, 150 Wn.2d at 603, n.2. See also State v. I.N.A., 9 Wn. App. 2d 422, 424-26, 446 P.3d 175 (2019) (rejecting the State's action obtaining post sentencing findings of fact and conclusion of law ex parte).

Wn.2d 77, 80, 633 P.2d 1335 (1981)). This rule applies if the two cases involved are identical as to (1) subject matter; (2) parties; and (3) relief. Stevens County, 194 Wn.2d at 903. The rule is intended "to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and process." Sherwin, 96 Wn.2d at 80.

For the priority of action rule to apply, "the cases must be identical 'such that a decision of the controversy by one tribunal would, as res judicata, bar further proceedings in the other tribunal.'" Stevens County, 194 Wn.2d at 903 (quoting City of Yakima v. Int'l Ass'n of Fire Fighters, 117 Wn.2d 655, 675, 818 P.2d 1076 (1991)). West correctly argues that a final adjudication in superior court might bar future litigation in district court. But West ignores that, by the time the district court heard his motion to dismiss, the superior court case had been dismissed without prejudice, and thus there was no other action that could lead to a final judgment on the merits. Thus, the priority of action rule does not apply.

West's reliance on State v. Chapman, 131 Wash. 581, 582, 230 P. 833 (1924) is misplaced. In Chapman, the defendant was first charged in district court with a gross misdemeanor involving fraud. After arraignment in district court, the defendant was again charged with the same crime in the superior court. 131 Wash. at 612. After the district court proceeding was dismissed, the defendant moved for dismissal of the superior court proceeding. The Supreme Court concluded that because the State elected to dismiss the first action, the State was barred from further prosecution by RCW 10.43.010. State v. Chapman, 131 Wash. at 585, see also State v. Cummings, 87 Wn.2d 612, 617, 555 P.2d 835 (1976) ("Since the prosecutor has elected to dismiss the complaint which was first filed . . . further pursuit of the petitioner for the offense

charged is barred under RCW 10.43.010."). Under former RCW 10.43.010, dismissal of a charge of a misdemeanor or gross misdemeanor barred a subsequent prosecution for the same misdemeanor or gross misdemeanor. RCW 10.43.010 has been repealed, however, and is no longer in effect. Thus, the Supreme Court's reasoning in Chapman and Cummings no longer applies.

C. Mandatory Joinder

West next argues that the district court exceeded its jurisdiction in not dismissing the misdemeanor charges because the State violated the mandatory joinder rule. Under the mandatory joinder rule, two or more offenses must be joined if they are related offenses, which are two or more offenses within the jurisdiction and venue of the same court that are based on the same conduct. CrR 4.3.1(b)(1); State v. Gamble, 168 Wn.2d 161, 167-68, 225 P.3d 973 (2010). Offenses are from the same conduct if they are based on a single criminal incident or episode. Gamble, 168 Wn.2d at 168. "A defendant who has been tried for one offense may thereafter move to dismiss a charge for a related offense." CrR 4.3.1(b)(3).

West relies on State v. Dixon, 42 Wn. App. 315, 711 P.2d 1046 (1985) to support his argument. In Dixon, the defendant was charged with a misdemeanor of aiming or discharging a firearm, which was later dismissed. Dixon, 42 Wn. App. at 316. The defendant was then charged with being a convicted felon in possession of a firearm. Dixon, 42 Wn. App. at 316. This court held that mandatory joinder was violated because, under former CrR 4.3(c), the defendant was effectively tried because the State initiated legal proceedings, but was unable to present evidence because it failed to subpoena its only witness. Dixon, 42 Wn. App. at 318. When it dismissed the

misdemeanor case, the State did not contemplate a felony charge, and did not seek a continuance. <u>Dixon</u>, 42 Wn. App. at 318.

Unlike <u>Dixon</u>, West was never tried for the felony charge. There were no findings by the superior court that had a prelusive effect on the trial in district court. Where in <u>Dixon</u>, the State did not intend to file another charge when it dismissed the case, here, the State first filed the misdemeanor charges in district court before dismissing the superior court case. Because the mandatory joinder rules require a ruling on the merits sufficient for prejudice to attach, West cannot demonstrate that the State violated the rule.

The district court had proper jurisdiction in West's misdemeanor case. Because West cannot demonstrate that the superior court exceeded its authority or acted illegally, the superior court did not err in denying the requested writ of review or prohibition.[2]

Affirmed.

_Mann, C.J._

WE CONCUR:

_Chun, J._                    _Dwyer, J._

---

[2] West also argues that the superior court erred when it did not hold a hearing before denying the writ. Because our review is de novo, and we hold that a writ was not appropriate, we do not address this argument.

-8-